# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jonathan Jerry Roman Kujak, | Case No. 24-cv-1092 (ECT/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| The State of Minnesota, | |
| Defendant. | |

For many years, plaintiff Jonathan Jerry Roman Kujak was restricted from initiating new copyright and trademark litigation in this District unless he was represented by counsel or a judge had given him permission to file the complaint. *See Kujak v. Swanson*, No. 14-CV-0768 (JNE/SER), ECF No. 5 (D. Minn. May 21, 2014). Kujak had filed an inordinate number of facially meritless copyright and trademark lawsuits prior to that, and the filing restriction was deemed necessary to protect the judicial interest in the fair and expeditious administration of justice for all litigants; Kujak had wasted too much court time filing too many frivolous lawsuits. That filing restriction recently expired, however, and Kujak has returned to this District claiming (among other things) that the State of Minnesota has violated his copyrights and trademark rights by using his name.

Because Kujak is a prisoner, his complaint is subject to preservice review under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action

in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). Section 1915A(b) requires that the Court

> identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Kujak's pleading does not itself include much information about why Kujak is bringing this lawsuit, but filed along with the complaint is a "confidential document" that more fully describes Kujak's claims in detail. *See* Dkt. No. 6. The very first claim pleaded in that document is that the State of Minnesota has violated Kujak's copyrights and

2

trademark rights in his "name, names, namesake, fingerprints, date of birth, files that contain images of both digital and non-digital pictures, photos, videos & sounds," and so on. *Id.* at 1. Many of the items on Kujak's lengthy list are not even theoretically subject to copyright or trademark protection under American law—names, for example, are not subject to copyright, *see* 37 C.F.R. § 202.1(a)—and even for those items that Kujak has listed that *could* be subject to copyright or trademark protection, Kujak has plausibly alleged neither that he has ownership of a valid copyright or trademark nor that the State of Minnesota has engaged in activity that would constitute a violation of that copyright or trademark. Put another way, to the extent that Kujak's intellectual-property claims are not frivolous, they are wholly conclusory. In either case, the claims are subject to dismissal under § 1915A(b).

Kujak's "confidential document" also raises a multitude of difficult-to-follow claims that his constitutional rights have been violated in various respects. There are three problems with these claims. First, few if any of the claims relate to actions taken by the State of Minnesota, the lone defendant named in this action. Second, the bulk of the events described by Kujak occurred a decade ago or longer, and the "statute of limitations on claims under 42 U.S.C. § 1983" is "six years in Minnesota." *United States v. Bailey*, 700 F.3d 1149, 1153 (8th Cir. 2012). Third, only "persons" may be sued under § 1983 for violations of constitutional rights, and the State of Minnesota is not a "person" for purposes of that statute. *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

This lawsuit therefore should be dismissed in its entirety pursuant to § 1915A(b). Kujak's pending motions for discovery and injunctive relief may be denied should the

lawsuit be summarily dismissed as recommended.  Because Kujak is a prisoner, he remains responsible for the $350.00 statutory filing fee in this matter, which must be paid in installments over time.  *See* 28 U.S.C. § 1915(b)(2).  Officials at the facility where Kujak is currently detained should be apprised of that liability and of their requirement to remit funds to the Court in satisfaction of the filing fee as funds become available to Kujak. Finally, Kujak is warned that the continued filing of meritless copyright and trademark litigation may result in the reimposition of filing restrictions upon him.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.      This matter be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

2.      The application to proceed *in forma pauperis* of plaintiff Jonathan Jerry Roman Kujak [Dkt. No. 2] be **DENIED**.

3.      Kujak's remaining pending motions [Dkt Nos. 4, 5 & 7] be **DENIED**.

4.      Kujak be directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and

[Continued on next page.]

the Clerk of Court be directed to provide notice of this requirement to the

authorities at the institution where Kujak is confined.


Dated: April___17___, 2024                    _____*s/ Tony N. Leung*_____
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota

                                              *Kujak v. The State of Minnesota*
                                              Case No. 24-cv-1092 (ECT/TNL)


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the
District Court and is therefore not appealable directly to the Eighth Circuit Court of
Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a
magistrate judge's proposed finding and recommendations within 14 days after being
served a copy" of the Report and Recommendation.  A party may respond to those
objections within 14 days after being served a copy of the objections.  *See* Local
Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits
set forth in Local Rule 72.2(c).