UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jonathan Jerry Roman Kujak, | File No. 24-cv-1092 (ECT/TNL) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| The State of Minnesota, | |
| Defendant. | |

---

Plaintiff Jonathon Jerry Roman Kujak commenced this § 1983 action *pro se* by filing a complaint against the State of Minnesota. ECF No. 1. The case is now before the Court on a Report and Recommendation and Mr. Kujak's own motion to withdraw his complaint. ECF Nos. 8, 13. The action will be dismissed without prejudice.

First, Magistrate Judge Tony N. Leung issued a Report and Recommendation on April 17, 2024, recommending dismissal of the action without prejudice under 28 U.S.C. § 1915A(b). ECF No. 8. Judge Leung found Mr. Kujak's claims wholly conclusory and points out that only persons—not the State of Minnesota—may be sued under § 1983. *Id.* at 3. No party has objected to that Report and Recommendation,[1] and it is therefore reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). The Court finds no clear error.

---

[1] Pursuant to Local Rule 72.2(b)(1), parties have fourteen days to object to a Report and Recommendation. Because Mr. Kujak is proceeding *pro se* and is incarcerated, he was afforded more than thirty days to object.

Second, Mr. Kujak agrees the action should be dismissed. He has moved to withdraw his complaint and all pending motions, ECF No. 13, which the Court understands as a notice of voluntary dismissal. Mr. Kujak has realized that "U.S. Courts have zero jurisdiction" over the defendants he is seeking to sue, and "[f]iling the case was in error." ECF No. 14. Mr. Kujak is within his rights to voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a)(1)(A)(i) because the Defendant has neither served an answer nor filed a motion for summary judgment.

Finally, to the extent Mr. Kujak's seeks to avoid the $350 filing fee, that request is denied. The statutory filing fee is owed by the prisoner at the time the complaint is filed. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) (noting that "the [Prison Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

Therefore, finding no clear error, and based on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Report and Recommendation [ECF No. 8] is **ADOPTED**.

2. The action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) and Federal Rule of Civil Procedure 41(a)(1)(A)(i).

3. Plaintiff Jonathan Jerry Roman Kujak's Application to Proceed in Forma Pauperis [ECF No. 2] is **DENIED**.

4. Plaintiff is directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of

Court is directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

     5.    Plaintiff's remaining motions [ECF Nos. 4, 5, 7, 10, 12, 13] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 20, 2024          s/ Eric C. Tostrud
                                  Eric C. Tostrud
                                  United States District Court